**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30164 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30062-PA-3 |
| v. | |
| JUVENAL SALDANA-PALATZIN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30165 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30062-PA-1 |
| v. | |
| MARCOS LEON-ARCOS, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30167 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30062-PA-2 |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GONZALO LEON-ARCOS,

  Defendant - Appellant.

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted May 7, 2012[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Juvenal Saldana-Palatzin, Marcos Leon-Arcos, and Gonzalo Leon-Arcos ("defendants") appeal the district court's order denying their joint motion to suppress evidence obtained following their arrests. We affirm.[1]

Defendants contend that the district court erred in denying their motion to suppress because the law enforcement officers did not have probable cause to make the arrests for violation of a Forest Service closure order. We review de novo a district court's denial of a motion to suppress. *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007). Factual findings made at the suppression hearing are reviewed for clear error. *United States v. Basher*, 629 F.3d 1161, 1165 (9th

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to explain the decision.

Cir. 2011).  Law enforcement officers have "probable cause to effect an arrest if 'at the moment the arrest was made . . . the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law."  *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir. 2001) (brackets and alterations omitted) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

Here, the United States Forest Service officers had probable cause to arrest defendants for violation of the Rogue Siskiyou National Forest closure orders, which provided notice that anyone on Forest Road 2500 was subject to a maximum fine of $5,000.00 or six months' imprisonment.  *See* 20 C.F.R. §§ 261.50(b), 261.53(e); 16 U.S.C. § 551.  The officers knew that the orders closed Road 2500 from its junction with Forest Road 2512 northeast to the Forest boundary.  They also knew that Road 2500 provided the only vehicular access to the Tin Can Campsite—where defendants were found.  The arresting officers also knew that defendants had driven to the campsite because defendants had earlier reported that when they returned to the campsite from hiking, they discovered that their car had been stolen.  Further, the officers knew that it was unusual for persons unrelated to firefighting efforts to be on foot in the vicinity of the closure area, especially

3

almost three weeks after the closure order was issued. Finally, the officers observed that defendants did not have any camping or hiking gear with them.

From these facts, it was reasonable to infer that defendants had not hiked in through non-closed forest lands, but had driven to the Tin Can Campsite through the closed road in violation of the fire closure order. Thus, the officers had probable cause to arrest the defendants, and the district court did not err in denying the defendants' motion to suppress.

**AFFIRMED.**